## STATE v. BRUCE ALLEN FENSKE.

244 N. W. 2d 743.

August 6, 1976—No. 46621.

*Warren Spannaus*, Attorney General, and *Julius E. Gernes*, County Attorney, for appellant.

*McMahon, Darby, Evavold & Price* and *Michael J. Price*, for respondent.

PETERSON, JUSTICE.

This is a pretrial appeal by the state pursuant to Rule 29.03, Rules of Criminal Procedure, from an order of the district court

suppressing evidence in a prosecution of defendant for illegally possessing marijuana. The evidence suppressed consisted of approximately 13 ounces of marijuana, a water pipe, and oral and written confessions given by defendant after his arrest. The district court suppressed the evidence on the ground that it was the product of an unlawful entry by police into defendant's apartment in violation of Fourth Amendment rights. We affirm.

At 9 p. m. on September 29, 1975, Officer David Brand, the police chief of Lewiston, in response to a request from a mother who thought her 14-year-old daughter might be with defendant, agreed to go to defendant's apartment and see if she was there. On two previous occasions Brand had received vague conclusionary reports from different people that defendant, who was in his twenties, had been furnishing marijuana to young girls. However, Brand did not have probable cause to believe that defendant was guilty of this or any other criminal offense, and his only admitted purpose in going to the apartment was to see if the girl was there and, if so, to tell her that her mother was looking for her.

Outside the apartment Brand met a Winona County Deputy Sheriff, Darrel Loos, and Loos agreed to accompany Brand to the apartment. Upon their arrival they saw that the door to the apartment was open a few inches and they could see that it was fairly dark in the room. The sound of music emanated from the room. Standing in the hall with Loos behind him, Brand knocked on the door, causing it to open a few more inches, and asked if anyone was there. A male voice answered, "Yeah, I'm in here," and about this same time Brand shined a flashlight into the room. In the light of the flashlight Brand could see defendant and the girl. Although they were on the bed, the two were fully clothed and were in what the district court termed an "uncompromising position." By their own admission the officers did not think that defendant was engaged in any illegal conduct.

Notwithstanding this and without announcing their authority or requesting permission to come in, the officers walked into the

room and switched on the light. Their only admitted purpose in entering was to tell the girl that her mother was looking for her. While in the room the officers saw in plain sight a clear plastic bag containing marijuana, which they seized after the girl had left. In a derivative consent search the officers discovered more marijuana and the water pipe. They also obtained oral and written confessions from defendant.

It is clear that the police had a right to go to defendant's apartment in an attempt to find out whether the girl was with him, as her mother suspected. It is also clear that they had a right, while standing in the hall, to shine their flashlight into the room. If they had seen the marijuana in plain sight from this viewpoint, then there would be no question as to the legality of their seizing it and arresting defendant on the possession charge.[1] What is at issue is whether they acted lawfully when they crossed the threshhold. If there was no legal justification on this record for their intrusion, then the district court properly suppressed the evidence.

The state makes a number of arguments in an attempt to justify the intrusion into the room, specifically, (1) that the officers had to enter the room to further investigate the situation, (2) that the police had probable cause to arrest defendant when they entered, (3) that defendant consented to the officers' entry, and (4) that the police had a duty to enter the apartment to protect the girl. The trouble with these arguments is that there is nothing in the record to support them. At the suppression hearing the police did not attempt to justify their entry into the

[1] In State v. Buchwald, 293 Minn. 74, 196 N. W. 2d 445 (1972), cited by both parties, an undercover policeman went to defendant's motel room to investigate reports of drug use by defendant and other members of a touring rock group. From the hallway, a place where he had a right to be, the officer saw several marijuana cigarettes in plain sight in defendant's room. Only then, after the officer had probable cause to believe that a crime had been committed, defendant was arrested and the police entered the room. Our holding in this case is fully consistent with our holding in Buchwald.

apartment on any of these grounds. The officers had gone to the apartment door to convey a message from the girl's mother that she should return home. The entry into the apartment was neither necessary nor appropriate to the accomplishment of that simple purpose.

We are confronted in this case with police intrusion into the privacy of the home, the security of which the framers of the Fourth Amendment had the strongest of reasons to protect. The drafters of our Constitution would not have viewed this as a mere legal technicality. The method of protection now mandated by the United States Supreme Court is to exclude evidence seized as a result of an unconstitutional entry into the home. Because there so clearly was no legal justification or excuse for the police trespass into defendant's apartment, the trial court had no alternative but to suppress the evidence derived solely as a result of the entry. We are compelled, for the same reason, to affirm.

Affirmed.